■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONNIE DOBBS, Appellant.—Judgment reversed on the law, and defendant remanded to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: On appeal from a judgment convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, defendant contends that the court erred in refusing to grant him an adjournment of the competency hearing *(see,* CPL 730.30 [2]) in order to allow him to submit his own psychiatric evidence. Following the testimony of the two psychiatrists appointed by the court, defense counsel advised the court that he had consulted seven psychiatrists in an attempt to arrange a prompt examination of defendant and that he had retained one, Dr. Lopez, who was willing to examine defendant and testify concerning the results of his examination within 15 days. Defense counsel requested an adjournment for that purpose, indicating that he wanted to be sure that defendant would be able to testify at trial. The court denied defense counsel's request, concluding that, because the People's psychiatrists had established to the court's satisfaction that defendant was not mentally incapacitated, "the criminal action against [defendant] must proceed" (CPL 730.30 [2]).

The relevant statute, CPL 730.30 (2), was interpreted by the Court of Appeals in *People v Christopher* (65 NY2d 417, *rearg denied* 65 NY2d 1054). The court held that a defendant's right to adduce his own expert proof on the issue of competency is inherent in the concept of a hearing. "To say that defendant is ensured the right to a hearing and to contest a psychiatric determination but may not present psychiatric testimony is a contradiction in terms" *(People v Christopher, supra,* at 424). " 'A "hearing" or "trial" of * * * an issue of fact is an empty form unless it takes place * * * with the right, on each side,

to examine and cross-examine' " *(People v Christopher, supra,* at 425, quoting *People v Richetti,* 302 NY 290, 297).

We conclude that defense counsel's request for a two-week adjournment to enable the defense psychiatrist to examine defendant, report his findings, and give his testimony was reasonable and should have been granted. Although granting an adjournment is typically a matter of discretion, "the refusal to hear any expert witness on behalf of defendant is a violation of the statutory requirement, not a matter of discretion" *(People v Christopher, supra,* at 425). In any event, the record indicates that the court erroneously believed that it lacked discretion in this matter.

The dissent takes the position that the defense request for its own psychiatric examination was properly denied because counsel did not assert that defendant was not fit to proceed. That contention was implicit in defense counsel's initial request for a competency hearing and in his request for an adjournment in order to submit further psychiatric proof. Significantly, defense counsel's cross-examination of the court-appointed psychiatrists established that defendant had been confined to mental hospitals on 10 occasions; that the day after one psychiatrist found him competent, defendant was committed to a psychiatric facility for three weeks because he was completely disoriented, yelling and experiencing auditory hallucinations; and that the other psychiatrist, although he believed that defendant was competent, nevertheless found that he was "very sick" and suffering from chronic paranoid schizophrenia.

Under those circumstances, the court erred in denying defendant's request for a reasonable adjournment to present psychiatric testimony at his competency hearing. Consequently, the judgment of conviction must be reversed and defendant must be remanded for a new hearing to determine whether defendant is at present an incapacitated person within the meaning of CPL article 730. If, following such hearing, defendant is found to have such capacity, there must be a new trial *(People v Christopher, supra,* at 426). In view of our determination, it is not necessary to consider defendant's remaining contentions.

All concur, except Balio and Davis, JJ., who dissent and vote to affirm, in the following memorandum.

Balio and Davis, JJ. (dissenting). We respectfully dissent and would affirm the judgment of conviction. The hearing court's denial of defendant's request for an adjournment to

secure his own "psychiatric competency report" and for the opportunity to offer expert testimony at the competency hearing did not deprive defendant of his constitutional right to due process of law. The two court-appointed psychiatrists testified that defendant was not incapacitated and was fit to proceed.

Under the circumstances of this case, and contrary to the view of the majority, we do not construe *People v Christopher* (65 NY2d 417, *rearg denied* 65 NY2d 1054) to hold that a defendant's bare request for an examination by his own psychiatrist mandates that his request be granted. In our view, to demonstrate entitlement to the requested psychiatric examination, defendant must unequivocally indicate that the examination is for the purpose of contesting a determination made pursuant to CPL 730.30 (2) that he is competent to stand trial. Here, the reason advanced for the request was defense counsel's perception of a "vast discrepancy between Dr. Joseph and Rhee's report". Additionally, defense counsel stated "[w]e just want assurance that the family has done everything conceivably possible on his behalf to make sure that when he does undergo this trial ordeal that he must, that he is in the best frame of mind possible".

Here, counsel never contended that, notwithstanding the fitness determination made by the two court-appointed psychiatrists, defendant was not fit to proceed. We conclude that defendant's articulated reasons for the examination did not, without more, entitle him to an adjournment to be examined by his own psychiatrist *(see, People v Christopher, supra,* at 422, 424, n 4).

In our view, defendant's remaining contentions are lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—manslaughter, second degree.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.