■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD WEST, Appellant.—Judgment unanimously reversed

on the law and matter remitted to Onondaga County Court for further proceedings, in accordance with the following Memorandum: On appeal from a judgment convicting him of murder in the second degree, sodomy in the first degree, attempted rape in the first degree, and criminal possession of a weapon in the fourth degree, defendant contends that the court erred in denying his request for an adjournment of his competency hearing (see, CPL 730.30 [2]) to enable Dr. Rice, a defense psychiatrist, to re-examine defendant, report his findings and give his testimony. One week following the testimony of the People's expert witness, defense counsel stated that he previously advised the court that his co-counsel had contacted Dr. Rice; that Dr. Rice recently had an appendectomy; that Dr. Rice "indicated that he would be willing to re-examine [defendant] and testify at a hearing" and that the "earliest he would be available * * * would be next week". Defense counsel requested an adjournment until that time. The court denied that request.

We conclude that defendant's request for a one week adjournment, under the circumstances of this case, should have been granted. While ordinarily the decision to grant an adjournment is addressed to the court's discretion, "the refusal to hear any expert witness on behalf of defendant is a violation of the statutory requirement, not a matter of discretion" (People v Christopher, 65 NY2d 417, 425, rearg denied 65 NY2d 1054; People v Dobbs, 156 AD2d 990, lv denied 76 NY2d 733). Accordingly, the court erred in denying defendant's request for a one week adjournment to present psychiatric testimony at defendant's competency hearing. Therefore, the judgment of conviction must be reversed and the matter is remitted for a new hearing to determine whether defendant is presently an incapacitated person within the meaning of CPL article 730 (see, People v Dobbs, supra, at 991). Following a hearing, if defendant is found to have such capacity, there must be a new trial (see, People v Christopher, supra, at 426; People v Dobbs, supra, at 991). In view of our determination, we do not address defendant's remaining contentions. (Appeal from Judgment of Onondaga County Court, Cunningham, J.— Murder, 2nd Degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.